## DRUMMOND & al. versus WINSLOW.

An authority in the master of a vessel to receive a partial payment in advance for the freight, may be inferred from subsequent payments made to him on that account, with the approbation of the owner.

And money thus found in the hands of the owner, belonging of right to the charterer, may be recovered in an action for money had and received.

ON FACTS AGREED.

ASSUMPSIT to recover fifty-five dollars.

The plaintiffs chartered the defendant's brig Emily, of which one Elisha Small was master, to perform a voyage from Portland to Port Conway in Virginia, and from thence to Bath with a load of timber, at a sum specified per thousand.

The voyage was performed.

While the brig lay at Port Conway, Small obtained from the agent of the plaintiffs $55, and receipted for the same on the bill of lading. That sum has been repaid by the plaintiffs.

After the brig arrived at Bath, a settlement of the freight was made between the parties and payment received. On the bill rendered were two items of credit of cash paid to Capt. Small, to the amouut of $200, but the sum sued for was not embraced in the settlement.

It was stipulated, that the Court might draw such inferences as a jury might, and if from these facts, the defendant is liable to pay said sum, a default is to be entered; otherwise a nonsuit to be entered.

*Tallman,* for defendant.

The owners are not chargeable with money loaned or advanced to the master, unless there is shown a necessity for which the money was advanced. Kent's Com. 4th Ed. p. 163; Abbott on Ship. p. 135 to 140 and note; *Keith* v. *Murdock,* 2 Wash. C. C. 297; *Pope* v. *Nickerson,* 3 Story, 465; *Mervin* v. *Shaler,* 16 Conn. 489.

*Randall & Booker,* for plaintiffs.

The case finds, that the sum claimed is actually due to the

plaintiffs and some good reason should be shown, or it should be paid. None such appears. The sum claimed was paid by the plaintiffs' merchant, at the South, to Winslow's master there, in part for freight.

It is enough for the case that a mistake of fact, from some cause existed, by which the plaintiffs paid fifty-five dollars more than was due; and the money so paid is recoverable back in this action. *Norton* v. *Marden*, 15 Maine, 45.

CUTTING, J. — The bill of lading was executed by the master, on August 6, 1851, who on the same day indorsed thereon the sum of fifty-five dollars, as received of the plaintiffs' agent "on account of the within" (bill,) which sum on settlement, for some cause, was overlooked by the plaintiffs. And the defendant now contends, that the master was not authorized to receive it for him.

Without examining the law, as to how far a master is authorized to charge the owner of a vessel for supplies or funds procured during the voyage, concerning which the authorities cited by the defendant's counsel are principally applicable, we think the evidence discloses sufficient authority in the master to charge the defendant. It appears, that "after the arrival of the brig at Bath, the account of freight was settled between the parties," which was on August 30th, (1851); that in that account there settled, under dates of the 18th and 28th of the same month, are two items of credit, "By cash to Capt. Small," both amounting to the sum of $200; thus the defendant recognized the acts of the master in receiving payments in advance for the freight; and if he was authorized so to do twelve days before the final settlement, we think it may be reasonably inferred, that such authority extended to a period twelve days prior to the first item in the credit, which would carry it back to the date of the indorsement. And according to the agreement of the parties the defendant is to be defaulted.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.